FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 07 2009

JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| COURTNEY WOODS,<br>    Plaintiff, | : <br> : <br> : | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |
| v. | : <br> : | CIVIL ACTION NO.<br>1:09-CV-3146-MHS |
| GEORGIA BUREAU OF<br>INVESTIGATIONS, CHANNEL<br>2 EYEWITNESS NEWS; and<br>CHRIS HOUSTON,<br>    Defendants. | : <br> : <br> : <br> : <br> : | |

## ORDER AND OPINION

Plaintiff has submitted the instant pro se civil rights complaint. The matter is before this Court for a 28 U.S.C. § 1915A frivolity determination.

I.    The Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is either: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Ashcroft v. Iqball, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (more than merely "conceivable," the "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations).

AO 72A
(Rev.8/82)

II. Discussion

Plaintiff alleges that the Georgia Bureau of Investigation had her falsely imprisoned and maliciously prosecuted. (Doc. 1 at 1.) In support, Plaintiff states that the records of a previous conviction, Case Number 2003-CR-269, was supposed to have been expunged. (Id.) Plaintiff states that she was convicted in Ogletree, Georgia, but this Court cannot determine whether she is referring to the supposedly expunged conviction or her current one, or where in Georgia this town is located. (Id. at 2.)

Plaintiff also states that Defendants Channel 2 Eyewitness News and Chris Brown reported her arrest. (Id.) Plaintiff does not claim that these Defendants made any false statements in their reporting.

Plaintiff, who apparently was a member of the United States Navy, seeks restitution of lost benefits. (Id. at 3.) Plaintiff also seeks additional money damages for loss of her home and for having blood drawn without her consent. (Id.)

With regard to Plaintiff's claim of false imprisonment and malicious prosecution, the Supreme Court has held that a plaintiff must first show that his conviction or sentence has been reversed on direct appeal, expunged by executive

3

order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 before he or she may recover money damages in a civil rights action related to a state criminal case. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994); Antonelli v. Foster, 104 F.3d 899, 901 (7th Cir. 1997) (applying Heck to suits "premised as here on the invalidity of confinement pursuant to some legal process, whether a warrant, indictment, information, summons, parole revocation, conviction or other judgment"); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that Heck bars [plaintiff's] claim that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him."). Plaintiff, who is currently confined at the Greene County Detention Center, has not alleged facts which would support a finding that any criminal tribunal has overturned her conviction. Accordingly, Plaintiff is not entitled to recover damages for her claims of false imprisonment and malicious prosecution. A civil rights action barred by Heck, should be dismissed "with prejudice." Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995). However, if Plaintiff "eventually satisfies the precondition to a valid claim under Heck," she is permitted to raise those claims in a new civil rights action. Id. at 165 n.3.

AO 72A
(Rev. 8/82)

This Court construes Plaintiff's allegation that Defendants reported her arrest as a claim of libel. However, Plaintiff has not alleged any facts indicating that these Defendants made any false statements. Additionally, these Defendants are not state actors, and, therefore, Plaintiff may not maintain a § 1983 civil rights action against them. Hale, 50 F.3d at 1582. Even if these Defendants were amenable to suit under § 1983, the Supreme Court long ago held that "defamatory publications, however seriously they may have harmed" an individual's "reputation" does not violate a person's due process rights. Paul v. Davis, 424 U.S. 693, 712 (1876). Similarly, reporting on a person's arrest does not violate any right to privacy. Id. at 713. Accordingly, Plaintiff may not recover damages against these Defendants.

Finally, with regard to having blood drawn without consent, Plaintiff does not state that any Defendants withdrew her blood. Plaintiff also fails to explain the circumstances surrounding the withdrawing of her blood. Absent additional facts, Plaintiff has failed to state a claim for relief based on this allegation.

AO 72A
(Rev.8/82)

III.     Conclusion

**IT IS ORDERED** that the instant pro se civil rights complaint [Doc. 1] is **DISMISSED**, pursuant to 28 U.S.C. § 1915A. For the purpose of dismissal only, Plaintiff is **GRANTED** leave to file this action in forma pauperis.

**IT IS SO ORDERED**, this 1st day of Dec, 2009.

_____
MARVIN H. SHOOB
UNITED STATES DISTRICT JUDGE

6